UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Elaine BART,<br>  *Plaintiff*, | ) <br> ) <br> ) | No. 3:20-CV-00404 (KAD) |
| v. | ) <br> ) | |
| THE GOLUB CORPORATION,<br>  *Defendant*. | ) <br> ) | DECEMBER 7, 2021 |

<u>**MEMORANDUM OF DECISION**</u>
<u>**RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)**</u>

Kari A. Dooley, United States District Judge:

This action arises out of the Plaintiff Elaine Bart's termination from her employment with Defendant, The Golub Corporation. Plaintiff alleges discrimination on the basis of sex in violation of Title VII, 42 U.S.C. §2000e-2, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a)(1). Pending before the Court is Defendant's motion for summary judgment. Plaintiff did not file an opposition to the motion for summary judgment and the time within which to do so has long since passed. For the reasons that follow, the motion for summary judgment is GRANTED.

**Standard of Review**

The standard under which courts review motions for summary judgment is well-established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," while a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party satisfies his burden under Rule 56 "by showing . . . that there

1

is an absence of evidence to support the nonmoving party's case" at trial. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). Once the movant meets his burden, the nonmoving party "must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).

**Discussion**

Even where a party has not responded to a motion for summary judgment, the non-movant does not "risk a default judgment." *Jackson v. Federal Express,* 766 F.3d 189, 195 (2d Cir. 2014); *Vermont Teddy Bear v. 1-800 Beargram Co.,* 373 F.3d 241, 246 (2d Cir. 2004). The Court is required to "examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment."[1] *Jackson,* 766 F.3d at 197. And although the Court "must provide an explanation sufficient to allow appellate review," *id,* the Court is not required "to write elaborate essays using talismanic phrases." *Id.*

As indicated, Plaintiff brings employment discrimination claims alleging that she was terminated from her employment due to her gender. In seeking summary judgment, the Defendant argues that Plaintiff has failed to demonstrate even a *prima facie* case of gender discrimination under Title VII or CFEPA, and that in any event the Defendant has established a legitimate, non-discriminatory reason for her termination. The Court agrees.

"Title VII makes it 'an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge . . . or otherwise to discriminate against any individual with respect to his

---

[1] Under Local Rule 56, a party seeking summary judgment is required to file a statement of undisputed material facts, with citation to the record. A party opposing summary judgment is required to file a response to the Rule 56(a)(1) statement, either admitting, denying or objecting to the record evidence relied upon. See Local Rule 56(a)(2). Of significance here, where the non-movant fails to file a Rule 56(a)(2) statement, the movant's well-supported statement of facts may be deemed admitted. *See* Local Rule 56(a)(3).

2

[or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex.'" *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 199 (2d Cir. 2017) (quoting 42 U.S.C. § 2000e-2(a)(1)). "In 1973, the Supreme Court adopted a three-stage, burden-shifting framework for analyzing employment discrimination cases under Title VII where a plaintiff alleges disparate treatment but does not have direct evidence of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82 (2d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).[2] Under the *McDonnell Douglas* framework, a plaintiff carries the initial burden to establish a prima facie case of discrimination. *See McDonnell Douglas,* 411 U.S. at 802. To establish a prima facie case of discrimination under Title VII and CFEPA, a plaintiff must show that (1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." (Internal quotation marks omitted.) *Russell v. Aid to Developmentally Disabled, Inc.,* 753 Fed. Appx. 9, 14 (2d Cir. 2018). If a plaintiff does so, the burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection."[3] *Id.* The plaintiff then has an opportunity to show that the employer's stated reason for the rejection was pretext for unlawful discrimination. *See McDonnell Douglas,* 411 U.S. at 804.

In the instant case, the Court has examined the Defendant's Rule 56(a)(1) statement of undisputed facts and the record citations therein and has determined that the facts are well-supported and are therefore deemed admitted. In light of these facts and for the reasons set forth

---

[2] Connecticut Courts apply the *McDonnell Douglas* burden shifting framework and look to federal law when assessing claims brought under CFEPA. *See Byra-Grzegorczyk v. Bristol- Myers Squibb Co.*, 572 F. Supp. 2d 233, 242 (D. Conn. 2008) ("The analysis is the same under CFEPA" for gender discrimination claims.)

[3] The Supreme Court created the *McDonnell Douglas* framework for a claim alleging discriminatory failure to hire but courts since 1973 have applied the analysis to other employment actions such as failures to promote, retaliations, and terminations.

in the Defendant's memorandum of law in support of the motion for summary judgment, *see* ECF No. 17 Att. #1, the Court concludes that the Defendant is entitled to summary judgment. First, the Plaintiff fails to establish a *prime facie* case of discrimination as the record provides neither direct evidence of gender discrimination nor circumstantial evidence from which an inference of discrimination could be drawn. But even if she had, there is no genuine issue of material fact that the reason for her termination – well-documented poor job performance – was not pretext. *See* ECF No. 17 Att. #2 ¶¶ 23–39. Plaintiff herself admitted to much of the conduct giving rise to her discipline and ultimate termination. *See* ECF No. 17 Att. #2 ¶ 42.

**Conclusion**

The Defendant's motion for summary judgment is GRANTED. The Clerk of the Court is directed to enter judgment in favor of the Defendant and close this case.

SO ORDERED at Bridgeport, Connecticut, this 7th day of December 2021.

>  /s/ Kari A. Dooley
> KARI A. DOOLEY
> UNITED STATES DISTRICT JUDGE