## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE BART | ) | 3:20-CV-00404 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOLUB CORPORATION | ) | JUNE 28, 2022 |
| *Defendant.* | ) | |

<u>MEMORANDUM OF DECISION</u>
**RE: PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELIEF FROM
JUDGMENT (ECF NO. 21)**

Kari A. Dooley, United States District Judge:

Plaintiff Elaine Bart filed this employment discrimination action against her former

employer, Defendant Bart Corporation, on March 25, 2020. *See* ECF No. 1. On September 30,

2021, Defendant moved for summary judgment, *see* ECF No. 17, to which Plaintiff did not file

any response. On December 7, 2021, the Court granted Defendant's motion for summary

judgment. *See* ECF No. 18. On December 8, 2021, judgment entered in favor of Defendant against

Plaintiff. *See* ECF No. 19. On January 5, 2022, Plaintiff filed an objection to the motion for

summary judgment as well as a motion for reconsideration pursuant to Federal Rule of Civil

Procedure Rule 59(e) and/or for relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b)(1).[1]

*See* ECF Nos. 20 & 21. Plaintiff asserts that the failure to respond to the motion for summary

---

[1] To the extent Plaintiff seeks reconsideration of the Court's granting of summary judgment, her motion is untimely. Local Rule 7(c)(1) provides that motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought[.]" D. Conn. L. Civ. R. 7(c)(1). Plaintiff's motion was filed on January 5, 2022, 29 days after the Court granted Defendant's motion for summary judgment and 28 days after the entry of judgment. The Court therefore does not consider Plaintiff's motion for reconsideration nor the question of whether Rule 59(e) applies to this case under these circumstances, an issue raised by Defendant. The Court observes, however, that Plaintiff did not identify any purportedly incorrect application of law or controlling precedent overlooked. *See Munafo v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d Cir. 2004) ("district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice.") (internal quotations omitted). Moreover, the Plaintiff does not offer any analysis as to the relief he purports to seek under Rule 59(e).

judgment was the result of "excusable neglect" on the part of her counsel. Defendant opposes Plaintiff's motion and disputes whether the proffered explanation for counsel's failure amounts to excusable neglect. *See* ECF No. 24. The Court has reviewed all the parties' submissions, and for the following reasons, the motion for reconsideration is DENIED and the motion for relief from judgment is GRANTED.

**Standard of Review**

Under Rule 60(b),[2] a court may relieve a party from final judgment, order, or proceeding for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). A Rule 60(b) motion "must be made not more than one year after entry of the judgment." *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76 (2d Cir. 1996). And the "decision as to whether relief should be granted under Rule 60(b) is committed to the sound discretion of the Court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). In considering a Rule 60(b) motion, the court must balance the policy favoring adjudication of claims on their merits against the policy favoring the finality of judgments. *See* 11C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2857 (3d ed.) (2002).

Excusable neglect is an "elastic concept" that is "at bottom, an equitable" determination that accounts for all relevant circumstances surrounding a party's omission. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95 (1993). In *Pioneer*, the Supreme Court held that attorney negligence or carelessness *may* constitute excusable neglect under appropriate

---

[2] Plaintiff inexplicably cites to cases in which courts have granted Rule 60(b)(1) motions to correct a judicial mistake of law or fact yet offers no analysis as to any mistake purportedly made in this Court's ruling on Defendant's motion for summary judgment. And Plaintiff's discussion of "excusable neglect" is advanced only in the context of her untimely filing of her opposition to the motion for summary judgment under Fed. R. Civ. P. 6. *See* Fed. R. Civ. P. 6(b)(1)(B) (which allows the court, for good cause, to extend the time for filing a motion if the party failed to act because of "excusable neglect"). Because, however, allowing an untimely opposition under Rule 6 affords no relief to Plaintiff unless the judgment has been vacated under Rule 60(b)(1), the Court construes Plaintiff's excusable neglect argument advanced under Rule 6 as also applying to her request for relief under Rule 60(b)(1). The Court notes that the Defendant's opposition also afforded the Plaintiff this generous interpretation of her argument.

circumstances. 507 U.S. at 387–96 (emphasis added). The Court specifically declined to hold that the excusable neglect standard could be met only if a party's failure to be timely was due to circumstances beyond its reasonable control. *Id.* at 392 ([excusable neglect] "is not limited strictly to omissions caused by circumstances beyond the control of the movant."). For purposes of a Rule 60(b) motion, excusable neglect is "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394.

To determine whether an attorney's behavior constitutes excusable neglect, the court considers: (1) prejudice to the non-movant; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the movant; (5) and, whether the movant acted in good faith. *Id.* at 395. Generally, the reason for the delay and whether that reason was within the movant's control are most relevant to the court's decision. *See United States v. Hooper*, 43 F.3d 26, 28 (2d Cir. 1994) (finding that a legal assistant's ignorance of a deadline for filing a criminal appeal did not constitute excusable neglect); *see also State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004) (finding no excusable neglect where defendants failed to act with diligence). Where the rule—here, the amount of time within which to respond to a dispositive motion[3]—is unambiguous, a party generally fails to demonstrate excusable neglect under *Pioneer*. *See Hartford Steam Boiler Inspection and Ins. Co. v. Southeastern Refractories, Inc.*, No. 3:00-CV-3334 (GLG), 212 F.R.D. 62 at 65–66 (D. Conn. Jan. 10, 2003) (finding that counsel's oversight in failing to meet an

---

[3] The Court notes that the motion for summary judgment was not granted simply *because* Plaintiff failed to respond to it. *See Jackson v. Federal Express,* 766 F.3d 189, 194 (2d Cir. 2014) (finding that where a motion for summary judgment is unopposed, the non-movant does not lose by default and the court must assess the merits of the motion to determine whether the movant has met its burden). Rather, the Court concluded that Defendant had met its initial burden of demonstrating that no "material issue of fact remain[ed] for trial," at which point it became the non-moving party's burden to present evidence or facts which would demonstrate a genuine issue of material fact. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 214, 244 (2d Cir. 2004). Absent an opposition challenging Defendant's evidence, the Court granted summary judgment based on the only set of facts it had—Defendant's.

unambiguous, self-imposed deadline was not excusable neglect); *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (holding that the failure to follow the plain language of a rule regarding time for filing did not constitute excusable neglect).

**Discussion**

Plaintiff argues that her tardiness in filing an opposition to Defendant's motion for summary judgment resulted from counsel's imperfect calendaring system, which fell prey to poor oversight by office staff, and more generally, to the difficulties of the pandemic. By affidavit, Plaintiff's counsel explained that when a dispositive motion is filed, the opposition due date is calendared, and thereafter, he regularly seeks an extension of time within which to respond to the motion. If granted, counsel calendars the extended response date. Here, counsel did not track the motion within the case management system. Accordingly, the Court did not receive a motion for extension of time nor extend the deadline, and counsel did not file a timely opposition.

While an attorney is undoubtedly responsible for his or her own internal management systems and scheduling, and in the normal course, attorney oversight is not excusable neglect, the other *Pioneer* factors weigh in favor of granting Plaintiff relief from judgment so that the Court can consider her opposition to the motion for summary judgment. *See Hartford Steam,* 212 F.R.D. at 66*; but see Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir. 1997) (finding that the administrative oversight of an attorney who missed a filing deadline was not excusable neglect but reiterating that excusing the failure to comply with such a deadline "may in some circumstances be appropriate.").

First, Plaintiff's motion for relief from judgment and opposition to the motion for summary judgment were filed within one month of the judgment, well within the one year permitted under the Rule. Second, Plaintiff's opposition asserts—and identifies evidence to support—that there are

genuine issues of material fact as to whether her termination from Golub Corporation was motivated by gender discrimination. The Defendant will be afforded an opportunity to reply to Plaintiff's opposition to further address this issue.[4] Given the procedural posture of the case, the Court sees little prejudice to Defendant in granting this relief.

The Court also observes that although Plaintiff does not identify any specific manner by which the pandemic may have contributed to counsel's failure to track or respond to the motion for summary judgment, the Court's own experiences and observations over the last two plus years affirm that there is not a single facet of the practice of law that has not been disrupted or made more difficult. This, too, supports granting the relief requested. And finally, while the case management failure in this case was clearly within Plaintiff's control[5], there is no indication that Plaintiff or her counsel were acting in bad faith when the failure occurred.

The court recognizes that the Second Circuit has often held that a client will not be relieved of the "burdens of a final judgment…due to omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or [his] inability to effectively manage [his] caseload." *Cirami*, 535 F.2d at 739. Under the circumstances presented here, however, equity counsels a different outcome. Accordingly, Plaintiff's motion for relief from judgment is GRANTED.

**Conclusion**

For the foregoing reasons, the motion for reconsideration (ECF No. 21) is DENIED and the motion for relief from judgment (ECF No. 21) is GRANTED. The Clerk of the Court is directed

---

[4] Having not received the Defendant's reply, the Court does not suggest herein any particular outcome with respect to the motion for summary judgment.

[5] *See U.S. v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976) (finding that when a client voluntarily chooses their attorney, they cannot avoid the consequences of the acts or omissions of the freely selected agent, as parties are bound by the acts of their lawyer-agents).

to re-open this case.  Defendant may file a reply to Plaintiff's opposition to the motion for summary judgment on or before July 19, 2022.

      **SO ORDERED** at Bridgeport, Connecticut, this 28th day of June 2022.

                          */s/ Kari A. Dooley*
                          KARI A. DOOLEY
                          UNITED STATES DISTRICT JUDGE